Willa S. McARTHUR, Plaintiff–Appellee,

v.

EAST TENNESSEE NATURAL GAS
COMPANY, Defendant–
Appellant.

T.F. TAYLOR, Merrily Austin Teasley,
and C.I. Crais, Plaintiffs–
Appellees,

v.

EAST TENNESSEE NATURAL GAS
COMPANY, Defendant–
Appellant.

Supreme Court of Tennessee,
at Nashville.

July 1, 1991.

John L. Stephens, Sewanee, J. Mark
Stewart, Winchester, for plaintiffs-appel-
lees.

Elizabeth S. Tonkin, Thomas E. Midyett, Jr., East Tennessee Natural Gas Co., Knoxville, Joseph H. Davis, III, Kingsport, for defendant-appellant.

## OPINION

DROWOTA, Justice.

We granted Defendant–Appellant East Tennessee Natural Gas Company's (hereinafter "the Utility"), application for permission to appeal in these consolidated cases because they have raised an issue of public interest that needs to be addressed and resolved. This case involves a dispute over the location of the boundaries of an easement. The broader, public policy issue concerns what duty, if any, a utility has to a landowner to give notice of the location of the boundaries of an easement, once the utility has selected its boundary.

The Utility is an interstate pipeline company with power of eminent domain pursuant to T.C.A. § 65–28–101. The Plaintiffs, McArthur, Taylor, Teasley and Crais, are the owners of four tracts of land in or near Monteagle, Grundy County, Tennessee. In 1951, the Utility obtained easement rights from the Plaintiffs or their predecessors in title. Each agreement granted to the Utility "a perpetual right-of-way and easement fifty (50) feet in width" for the purpose of laying, constructing, maintaining, operating, etc., natural gas pipelines (not to exceed two in number) across the property of the Plaintiffs.

These easements described the tracts over which the easement passed but did not describe the exact location of the easement. The Utility had the right under the easement to select the location of its easement. At the time these easements were executed, the property in question was unimproved woodland. The easements allowed the Utility to "cut and keep clear all trees, undergrowth and other obstructions, whether on said right-of-way and easement or not, that may injure, endanger or interfere with the use of said pipeline or pipelines." The Utility constructed the pipeline

across Plaintiffs' property in 1951–52. No public plats were ever filed indicating the location of the existing pipeline.

After the pipeline had been laid, the Utility cleared and maintained the right-of-way by mowing and by the use of herbicides between thirty to fifty feet of the easement. There is no dispute that the Utility has a fifty foot easement over Plaintiffs' properties, however, there is a dispute as to how much of the easement had been cleared. The Utility contends it only cleared thirty to thirty-five feet of its fifty-foot right-of-way and that in 1986, it engaged a contractor to cut and clear trees and canopy along the pipeline to clear the right-of-way to its full fifty-foot width. A dispute arose as to the location of the easement and what was to be cleared on Plaintiffs' property. Plaintiffs filed suit to obtain a declaration as to the boundaries of the Utility's natural gas pipeline easement across their respective properties and to enjoin the Utility from cutting or clearing trees, shrubs and vegetation outside of the boundaries of its easement.

Plaintiffs contend that the Utility's easement is located thirty-five feet to the left of the pipeline and fifteen feet to the right of the pipeline as one faces the downstream flow of the gas. The Utility claims the reverse, that its easement is located thirty-five feet to the right and fifteen feet to the left, facing downstream.[1]

The trial court, after hearing from numerous witnesses, concluded that "the evidence indicates [the Utility] established the margins of the easement twenty-five feet distance on each side of the existing pipeline." The Court of Appeals affirmed, finding that where the grant of easement fixes the width of the easement but empowers the Utility to locate the easement anywhere on the subservient estate, the location of the easement is irrevocably established by the construction of the intended structure or improvement. The Court of Appeals further found that the easement agree-

---

1. Under the Utility's claim, the Plaintiffs will lose trees, shrubs and other vegetation. Under the Plaintiff's claim, the Utility will be narrowly limited if they choose to later lay a second gas line, since a roadway encroaches on that side of the existing line.

ments did not convey to the Utility a perpetual right to reserve its selection of boundaries until called upon to make or disclose a selection. The Utility had a duty to give notice of the selected boundaries to the landowners prior to the construction of the pipeline, or, at the latest, within a reasonable time after completion of the pipeline. This the Utility failed to do.

The Court of Appeals further held that "where nothing is done by [the Utility] to establish the location of the boundaries of the easement, the law will presume that the intended structure or improvement was placed in the center of the easement so that the boundaries are equidistant from the center line of the structure or improvement. This being a presumption, it must yield to proven overt acts denoting a clear and irrevocable election to select and adopt boundaries other than those presumed by law." The Court of Appeals then concluded that "the preponderance of the evidence is that there has never been an overt, irrevocable designation of the boundaries which, at this late date, should be established by the presumption already discussed." The Court, in affirming the trial court, found that the easement extended twenty-five feet on each side of the existing pipeline.

■ The Utility contends that because of the vagaries of terrain and overland construction, the exact location of a pipeline or underground utility is not known prior to construction even though all right-of-way easements have necessarily been acquired and recorded. We agree and this is precisely why the location of the easement was left up to the Utility to select. Under the Court of Appeals analysis, with which we concur, the Utility has a duty to give notice of the selected boundaries to the landowner, within a reasonable time after completion of the pipeline. The evidence in the record supports the Court of Appeals conclusion that there never has been an overt, irrevocable designation of the boundaries and thus the presumption is called into play. The Court of Appeals took a common sense approach, one which we approve and adopt, in presuming as a matter of law that a pipeline is located in the center of its easement, with the boundaries

of the easement equidistant from the center line of the pipeline, in the absence of overt acts by the Utility to otherwise establish the boundaries of the easement. Public policy requires that the easement be made known as soon as possible for, as in this case, litigation arises due to the uncertainty of such an easement. As Plaintiffs argue, such uncertainty not only depreciates the land and discourages its improvement, it also does not allow the landowners to use their property to the extent contemplated. The Utility thus effectively exercises dominion over more property than was granted to it by the easement.

■ It is Plaintiffs' position that the Utility cleared a fifty-foot right-of-way in 1951 when the pipeline was initially laid. Plaintiffs argue that this action in 1951 was a selection by the Utility of the full fifty-foot width of its right-of-way, and that it cannot now seek to change the location of the right-of-way. Plaintiffs contend that the pipeline was initially placed fifteen feet from the right-hand boundary. Defendants aver the pipeline was placed fifteen feet from the left-hand boundary. The record fails to support either of these contentions. The record supports a conclusion that the pipeline was in the center of the easement.

■ We are of the opinion that the Utility, having selected a route for its pipeline, was obligated to establish the boundaries of its easement in relationship to the pipeline at that time. The uncertainty created by the Utility's failure to clearly establish the boundaries of the easement in effect allowed the Utility the right to control nearly one hundred feet of Plaintiffs' property for an indefinite time. Plaintiffs argue that this is an unreasonable burden on the real estate and against public policy. The law and public policy of this State favor the alienability of real property, its unrestricted use by its owners and certainty in the rights of the parties with interests therein. Cf. *Tennessee Public Service Co. v. Price*, 16 Tenn.App. 58, 65 S.W.2d 879 (1932).

■ The Utility argues that it did in fact make a determination of its boundaries and that a diligent inquiry by Plaintiffs would

have revealed the location of the easement. We do not find that the evidence preponderates against the lower court's finding that during the first years of the pipeline, the Utility made no determination of what boundaries it would claim, and that, in later years, the claims of the Utility were inconsistent.

■ Public policy requires that interest in real property be fixed and certain. Public safety, public awareness of the location, and pipeline integrity and maintenance are paramount considerations in our decision today. In order to avoid uncertainty and confusion, which leads to needless disputes and litigation, there needs to be notice to the landowners and their successors in title of the location of easements. Where should the duty fall—on the utility or the landowner? Obviously, the utility, which selects the location of the easement, is in the better position to notify the landowner of the location of the easement. In order to be effective, that notice must be in writing. In order to be certain, the written notice should be recorded. We therefore hold that the utility is required to file notice by written instrument duly recorded in the Register's office of the county in which the land lies.

■ We are of the opinion that the judgments of the trial court and the Court of Appeals should be affirmed. The evidence does not preponderate against the finding that the boundaries of the easement extend twenty-five feet on each side of the existing pipeline. Today, we have established a duty upon the owner of an easement to notify the landowner, by recorded instrument, of the selected boundaries of the easement, and absent such notice, the law presumes that the structure or improvement was placed in the center of the easement so that the boundaries are equidistant from the center line of the improvement.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.